# CHARLESTON.

BENTLEY VS. MCKIBBEN.

1873.
January
Term.

S. B. BENTLEY, PLAINTIFF AND APPELLEE, *against*
JOHN MCKIBBEN, DEFENDANT AND APPELLANT.

6   283
53   335

Decided February 25th, 1873.

## SYLLABUS.

A. signs the following contract in writing: "Received, Parkersburg, March 7th, 1870, of S. B. Bentley, two hundred dollars, for which I am to make him a deed for a certain tract of land in Lubeck Township, containing one hundred and thirty-seven acres, which I purchased for taxes in the name of Thomas Shriens." B., subsequently requests A, by a note in writing to make the deed for said land, to C.; A. not complying with the request; B. sues for a specific performance of the contract, and that a deed for said land may be made to himself, on tendering to A., the amount of the purchase money due thereon. A decree is made for a specific performance of the contract, and that a deed be made to B., for the land:

HELD : There is no error in said decree.

*Hutchinson*, for Appellant.
*Small*, for Appellee.

PAULL, Judge.

In January, 1872, the Plaintinff files his bill in the Circuit Court of Wood county, for the specific performance of a contract for the purchase of a tract of land, containing one hundred and thirty-seven acres, situated in said county. The following is the contract: "Received, Parkersburg, March 7, 1870, of S. B. Bentley, two hundred dollars, for which I am to make him a deed for a certain tract of land in Lubeck township, containing one hundred and thirty-seven acres, which I purchased for taxes in the name of Thomas Shriens." This contract is signed by the defendant, John McKibben. The bill alleges, that $75, part of the said sum of $200, was paid in cash, and a negotiable note for the residue, payable in sixty days; that said note was not paid at maturity, but that subsequently the Plaintiff had offered repeatedly to pay to the Defendant, the amount due him on said note with interest and costs of protest; and particularly that in April, 1871, he had tendered the amount to William Dills, as his, Defendant's agent; the amount so tendered being $133.76, the balance due with interest calculated to the 7th of May, 1871, but that he was informed by said Dills, that the deed for said land left with him by Defendant had been withdrawn from his possession, and that he, Defendant refused to deliver the same, or to perform his contract; and the bill alleges, that the Plaintiff now tenders with his bill the said sum of $133.76, and prays that the Defendant be required to receive the same, and to execute and acknowledge for record a deed conveying said land to the Plaintiff, and for general relief.

The Defendant, McKibben, answers the bill and alleges that the land in question had been sold for taxes; that he became the purchaser, and had obtained a valid deed for said tract of land; that it was not true that said Plaintiff and Respondent entered into a contract for the sale of said land for the sum of $200, but on the con-

trary, the said Bentley, applied to Respondent, to redeem said land long after the legal period for its redemption had expired; and thereupon, upon said Bentley's representation that he was acting for the other parties interested in said land previous to said sale, Respondent consented to allow said Bentley to redeem said land upon the payment of $200—and files the copy of the promisory note for $125, referred to in the bill, in which it is said: "This note is in consideration for the redemption of one hundred and thirty-seven acres of land in Lubeck Township, West Virginia." The Defendent also alleges, that the Plaintiff requested him by a letter dated December 18th, 1870, to make the deed to said land to William J. Alexander, and files a copy of said letter, as an exhibit with his answer; Defendant also files a copy of a letter dated March 18th, 1870, the next day after the contract was made, written by the Plaintiff to said Defendant, "requesting him to make the deed for 137, (meaning doubtless, acres,) to himself, as he did not know how the other parties may feel in reference to paying their portion of the costs, &c." Defendant denies that $125, with the interest due upon said sale, has ever been paid to him, or that the amount thereof was ever offered or tendered to him, or to any agent of his, by the Plaintiff at any time whatsoever; that the Plaintiff has no right, or authority to have, or demand a deed from the Respondent; that he is estopped from setting up any claim to said land, or the right to redeem the same; but that he is ready upon the payment of the balance due him of $125, with interest thereon, from May 9th, 1870, and the costs and charges of this suit, to make a deed for said land to said Alexander, when Alexander demands the same, but not otherwise.

There is no proof in the cause, other than the exhibits filed with the bill and answer. And the case coming on to be heard, the Court entered a decree for a specific performance of the contract, as stated in the Plaintiff's bill,

and directing the defendant, McKibben, to execute a deed for said land with covenant of special warranty to the Plaintiff.

And from this decree the Defendant, McKibben, appeals to this Court.

What are the grounds on which this appeal rests? The original contract in writing filed with the Plaintiff's bill, is clear, explicit, and decisive in its terms; is not denied, or in any way called in question. But the Defendant seeks to evade the fulfillment of his contract, by alleging, that all the Plaintiff's rights, legal and equitable, by virtue of this contract, had been transferred and assigned to another party, to-wit: one William J. Alexander; that consequently the Plaintiff is no longer entitled to the relief which he seeks; and to sustain these views, he refers to the exhibits filed with his answer, upon inspection of these papers, however, it will be seen, that they in no way vary, change, alter, or modify the original contract between the parties, nor transfer, or assign any rights, or interest of the Plaintiff arising therefrom to any third party. It is admitted indeed, that if the defendant, McKibben, had promptly complied with Plaintiff's request to make a deed of said land to Wm. J. Alexander, upon receiving the purchase money due for the same, and said deed had been accepted and money paid, the Defendant would have been relieved from all liability to the Plaintiff by reason thereof; but this not being done; that liability remains in all its original force; and the request to make a deed to said Alexander, must be regarded as entirely and completely revoked by the commencement of this suit. The Defendant has rested his defence upon a mistaken view of the legal effect of the papers filed as exhibits with his answer. There is no proof in the cause that the Plaintiff ever tendered to the Defendant the balance of $125, with the interest due thereon to the Defendant; but the bill, which is filed on the 1st

Monday in January, in 1872, alleges that he now tenders with his bill the said sum of $133,76, the balance due on said land with interest calculated to the 7th of May, 1871, and prays that the same may be taken and received as in full of the purchase for said land according to the contract. That this tender was made with the bill, is not denied in the answer, or in any of the proceedings. The decree also recites, that if the said John McKibben, refuse to receive the same, it shall be paid over to the receiver of this Court.

With these views the Plaintiff is entitled to the relief which he seeks, and the decree of the Circuit Court of Wood county, made on the 29th day of April, 1872, must be affirmed with damages and costs to the Appellee.

HAYMOND, President, and MOORE and HOFFMAN, Judges, concur in the above opinion.